IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MARIE C. SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-1093 (JLH) |
| | ) |
| CAPITAL ONE AUTO FINANCE, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

On October 1, 2024, *pro se* Plaintiff Marie C. Smith, of Middletown, Delaware, filed a complaint in the above-captioned civil action. (D.I. 2.) Defendant now moves to dismiss the complaint for failure to state a claim. (D.I. 13.) Upon review and consideration, this Court will grant Defendant's motion to dismiss. The complaint will be dismissed without prejudice, and Plaintiff will be granted leave to file an amended complaint.

The complaint names one defendant: Capital One Auto Finance. The pertinent factual allegations are as follows:

> 7. Plaintiff reviewed her credit report and noticed several discrepancies in her credit reports.
>
> 8. Plaintiff called the Defendant to dispute the completeness and/or accuracy of the following trade line:
> Capital Auto Finance;-account number 6207526703427****;
>                  account number 6205155563810****;
> contained false identifying information which was in the consumer reports concerning Plaintiff prepared, maintained, and published to third parties by the Defendant.
>
> 9. Plaintiff disputed the above-mentioned trade line and informed the Defendants' representative that the above reporting on the above-mentioned trade lines was false, inaccurate, and incomplete. Despite raising the dispute, the Defendants negligently and/or willfully failed to investigate, delete or

>     modify the disputed information, and provide a response to
>     Plaintiff within 30 days of receipt of Plaintiff's dispute.

(D.I. 2 at 2.)

The complaint purports to bring claims under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq*., based upon Defendant's alleged violations of 15 U.S.C. §§ 1681e(b) (requiring consumer reporting agencies to "follow reasonable procedures to assure maximum possible accuracy" in consumer reports), 1681i (requiring consumer reporting agencies to conduct reinvestigations under certain circumstances), 1681b (limiting the circumstances under which consumer reporting agencies may furnish consumer reports), and 1681g (requiring consumer reporting agencies to disclose certain information to consumers). Plaintiff seeks damages under §§ 1681n (creating civil liability for willful noncompliance with any portion of the FCRA) and 1681o (creating civil liability for negligent noncompliance with any portion of the FCRA).

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). A possibility of relief is not enough. *Id.* Because Plaintiff proceeds *pro se*, her pleading is liberally construed, and her complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Defendant argues that the claims against it must be dismissed because (i) it is only a furnisher of credit information, not a credit reporting agency, and (ii) there is no private right of

action under §§ 1681n and 1681o against mere furnishers of credit information for violations of §§ 1681b, 1681e(b), 1681g, or 1681i. I agree. *See SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 359 (3d Cir. 2011) ("Although consumer reporting agencies are subject to immediate suit by consumers under §§ 1681n and 1681o, furnishers of the information are not.").

Indeed, Plaintiff does not dispute that Defendant is a furnisher of information, not a credit reporting agency. Plaintiff points out that a private citizen can bring an action against a furnisher of information under 15 U.S.C. § 1681s–2(b). *See SimmsParris*, 652 F.3d at 358. But Plaintiff's complaint nowhere references 15 U.S.C. § 1681s–2(b), much less any factual allegations plausibly suggesting that Defendant violated it. As the Third Circuit has explained, "[t]he duties that are placed on furnishers of information by [§ 1681s-2(b)] are implicated only '[a]fter receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency.' 15 U.S.C. § 1681s–2(b)(1). Notice under § 1681i(a)(2) must be given by a credit reporting agency, and cannot come directly from the consumer." *Id.* at 358.

The complaint in this case expressly alleges that Plaintiff contacted Defendant directly; it does not suggest that Plaintiff ever notified a credit reporting agency of a dispute with regard to the completeness or accuracy of any information. (D.I. 2 at 2.) Plaintiff's claims against Defendant will therefore be dismissed.

Plaintiff will be granted leave to amend to cure the deficiencies outlined above. However, Plaintiff is cautioned that any amended complaint must contain sufficient factual allegations for the Court to assess the plausibility of her contention that the Capital One Auto Finance trade lines in Plaintiff's credit report were incomplete or inaccurate. Should the amended complaint fail to

explain how or why the trade lines were inaccurate, it may be dismissed for failure to state a plausible claim.

NOW, THEREFORE, this 11th day of December, 2025, IT IS HEREBY ORDERED that:

1. Defendant's motion to dismiss (D.I. 13) is **GRANTED**;

2. Plaintiff's complaint (D.I. 2) is **DISMISSED** without prejudice.

3. Plaintiff is granted leave to file an amended complaint **on or before January 12, 2026**.

4. If no amended complaint is timely filed, the Clerk of Court is directed to **CLOSE** this case.

_____
The Honorable Jennifer L. Hall
United States District Judge